**Dated: October 14, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-10795-JDL |
| Mae Helen Burge, | ) | Ch. 13 |
| | ) | |
| Debtor. | ) | |

### ORDER DENYING MOTION TO AVOID LIEN

Before the court for consideration is the *Motion to Avoid Lien* filed by the Debtor on September 13, 2019 (the "Motion") [Doc. 19] and the *United States' Opposition to Debtor's Motion to Avoid Lien* filed on September 27, 2019 (the "Opposition") [Doc. 26].[1]  The

---

[1] The Debtor seeks to avoid a tax lien filed by the Internal Revenue Service. The Motion does not mention the United States. The Internal Revenue Service itself has no capacity to sue and be sued, and therefore the proper party to the Debtor's Motion is the United States. See *Abell v. Sothen*, 214 Fed.Appx. 743, 750-51 (10th Cir. 2007). The Court will treat the Debtor's Motion as being directed to the United States, ex rel., the Internal Revenue Service.

Service of the Debtor's Motion was also defective as it was not served upon the United States Attorney for the district in which the action was brought, the Attorney General and any applicable agency in accordance with Fed.R.Bankr.P. 9014(b), 4003(d) and 7004(b)(4) and Local Rule 4003-1(D). The United States has responded to the Motion, and the Court will resolve the same on its merits rather than strike the pleading for its procedural infirmities.

Debtor's Motion seeks to avoid a tax lien filed by the Internal Revenue Service ("IRS") pursuant to 11 U.S.C. § 522(f)(1)(A)[2] which allows the avoidance by a debtor of a non-possessory, non-purchase, judicial lien to the extent that the lien impairs an exemption to which a debtor is entitled.  The following findings of fact and conclusions of law are made pursuant to Rules 9052 and 9014.

## Jurisdiction

This is a matter to avoid a lien under the provisions of § 522(f).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (K).

## Facts

1. The Debtor filed a Petition for relief under Chapter 13 on March 8, 2019, [Doc. 1].

2. The IRS filed its Proof of Claim ("POC") on June 11, 2019, [Claim 5-1].  The IRS filed its Amended POC on August 2, 2019, claiming a secured claim of $35,548.08, an unsecured priority claim of $4,969 and an unsecured general claim of $19,886.44. [Claim 5-2].  The IRS perfected its secured claim on May 25, 2012, by filing a Notice of Federal Tax Lien in the Office of the Oklahoma County Clerk pertaining to the debtor's income tax liabilities for the years 2005 through 2010.

3. The Debtor's Motion asserts that the IRS tax lien on her residence which she has claimed as exempt in her Schedule C impairs her homestead exemption and can thus be

---

[2] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq.*, unless otherwise indicated.  All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

avoided under § 522(f).

## Discussion

Although state law controls the availability of the homestead exemption, § 522(f) controls the availability of lien avoidance. *David Dorsey Distributing, Inc. v. Sanders (In re Sanders)*, 39 F.3d 258, 260 (10th Cir. 1994); *Coats v. Ogg (In re Coats)*, 232 B.R. 209, 212 (10th Cir. BAP 1999). In order for a debtor to avoid a lien under § 522(f)(1), the debtor must show: "(1) that the lien is a judicial lien; (2) that the lien is fixed against an interest of the debtor in property; and (3) that the lien impairs an exemption to which the debtor would otherwise be entitled". *In re Jordana*, 232 B.R. 469, 473 (10th Cir. BAP 1999); *Henderson v. Belknap (In re Henderson)*, 18 F.3d 1305, 1308 (5th Cir. 1994).

The Debtor's Motion fails to establish the first requirement for avoidance of a lien under § 522(f), i.e. that the lien is a *judicial* lien. The tax lien which is the subject of this dispute is not a *judicial* lien, but a *statutory* lien which may not be avoided under § 522(f). *In re Schick*, 418 F.3d 321, 328 (3rd Cir. 2005) (describing the tax lien as a "statutory" lien); *In re Mills*, 37 B.R. 832, 834 (Bankr. E.D. Tenn. 1984); Bankruptcy Code §101(36) ("The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."); Bankruptcy Code § 101 (53) ("The term 'statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."). "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action... Tax liens are also included in the definition of statutory lien." H.R. Rep.No.

95-595, 95th Cong. 1st Sess. 314, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6271; *In re Mills,* 37 B.R. 832, at 834-35.

"Statutory liens are not subject to avoidance under § 522 (f)(1)(A)." *In re Bingham*, 344 B.R. 648, 650 (Bankr. W.D. Okla. 2006); *In re Morgan*, 2000 WL 1194144 (Bankr. E.D. N.C. 2000) (federal tax liens are statutory liens, rather than judicial liens, even if the underlying tax is subsequently reduced to judgment); *In re Rench*, 129 B.R. 649, 651-52 (Bankr. D. Kan. 1991) (IRS lien is a statutory lien even if notice has not been properly filed)*; In re Frengel,*115 B.R .569, 571 (Bankr. N.D. Ohio 1989)*.* Conspicuously absent from § 522(f) is any provision allowing the debtor to avoid statutory liens. There is no question that the tax lien which is the subject of this dispute is a statutory lien which may not be avoided under § 522(f).

Not only is a tax lien not a judicial lien which can be avoided, § 522(c) of the Bankruptcy Code makes clear that even an exempt asset remains liable for certain debts, including "a debt secured by a lien that is a tax lien, notice of which is properly filed." 11 U.S.C. § 522(c)(2)(B). "The conclusion is inescapable that, by virtue of § 522(c)(2)(B), Congress intended to prevent a debtor from using the bankruptcy right of exemption and the related powers afforded by § 522(h) to defeat a tax lien that was in existence and properly noticed at the time of the bankruptcy filing." *In re Piper,* 291 B.R. 20, 24 (Bankr. D. Ma. 2003); *In re Bearden*, 216 B.R. 951, 955 (Bankr. W.D. Okla.1997) (" [T]his Court has previously held that Congress, in the clear and unequivocal language of § 522(c)(2)(B), intended to preserve the validity of a properly filed pre-petition tax lien against exempt property of the debtor."); *Rouse v. United States of America (In re Rouse)*, 141 B.R. 218, 221 (Bankr. W.D. Okla.1992).

For the above-stated reasons, the tax lien of the United States of America, ex rel., Internal Revenue Service, cannot be avoided by the Debtor. Accordingly, the *Debtor's Motion to Avoid Lien* [Doc.19] is hereby **DENIED**.

# # #